UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No.  06 B 13622 |
| JOEL M. MARGOLIS, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

### FINAL APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period January 19, 2007 through June 17, 2011.  In support of this Application, Much Shelist respectfully states as follows:

1. On October 21, 2006, the Debtor filed a voluntary case for relief under Chapter 7 of the Bankruptcy Code.

2. The Trustee was subsequently appointed, qualified and continues to serve as Chapter 7 Trustee herein.

3. On February 21, 2007, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.

4. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case.  To date, Much Shelist has not received any compensation for services rendered or reimbursement of out-of-pocket expenses incurred in this matter.

5. Much Shelist is entitled to receive final compensation in the amount of $28,451.50 plus reimbursement of out-of-pocket expenses in the amount of $207.60 for services rendered during the period January 19, 2007 through June 17, 2011.

6. Much Shelist provided 62.40 hours of services on behalf of the Trustee during the time period cover by this application.

7. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 27.30 hrs. | $545.72/hr.* | $14,898.00 |
| Colleen E. McManus | 23.00 hrs. | $396.04/hr.* | 9,109.00 |
| William S. Hackney | 7.90 hrs. | $360.00/hr. | 2,844.00 |
| Jeffrey L. Gansberg | 4.20 hrs. | $381.07/hr.* | 1,600.50 |
| **Subtotal** | **62.40 hrs.** | | **$28,451.50** |
| **Less voluntary reduction** | | | **<$8,451.50>** |
| **TOTAL** | | | **$20,000.00** |

8. The services rendered are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

9. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

2

10. During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A. **General Administration (Tab 1)**: Much Shelist expended 11.80 hours on General Administrative matters. The Trustee was contacted post filing of his initial "No Asset Report" by counsel who was pursuing collection of a medical malpractice suit (the "Medical Malpractice Action") judgment entered in favor of the Debtor in the amount of $413,939.39. Counsel for the Trustee prepared a motion to vacate his "No Asset Report" to administer the proceeds from the Medical Malpractice Action. Time was spent reviewing Debtor's schedules, exemptions and communicating with counsel for the Debtor regarding the Trustee's objection to Debtor's exemption claim. As a result of the Trustee's objection, an Agreed Order was entered reducing the exemption amount allowed to $3,350.00 from $5,000.00.

The individuals who provided General Administrative services to the Trustee and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 5.50 hrs. | $508.00/hr.* | $2,794.00 |
| Colleen E. McManus | 5.20 hrs. | $390.00/hr. | 2,028.00 |
| William S. Hackney | 1.10 hrs. | $360.00/hr. | 396.00 |
| | | | |
| **TOTAL:** | **11.80 hrs.** | | **$5,218.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

B. **Employment of Professionals (Tab 2)**: A total of 14.80 hrs. of time was expended by Much Shelist with the preparation of pleadings and appearances in Court on the following employment motions: Trustee's Motion to Employ Attorneys, to Employ Special Counsel to Pursue Collection of the Medical Malpractice Action, to Employ Real Estate Broker, to Employ an Accountant and to Employ Special Counsel for a Real Estate closing. The

3

individuals who provided services in connection with the Trustee's employment of professionals and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.60 hrs. | $538.46/hr.* | $1,400.00 |
| Colleen E. McManus | 3.60 hrs. | $396.11/hr.* | 1,426.00 |
| William S. Hackney | 6.80 hrs. | $360.00/hr. | 2,448.00 |
| Jeffrey L. Gansberg | 1.80 hrs. | $375.00/hr. | 675.00 |
| | | | |
| **TOTAL:** | **14.80** | | **$5,949.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

C.    **Disposition of Assets (Tab 3)**: A total of 25.10 hrs. of time was expended by Much Shelist on Disposition of Assets. The major asset of this estate was the Medical Malpractice Action. Telephonic and written communications transpired between special counsel and Much Shelist regarding the efforts to collect the malpractice judgment. Through the efforts of special counsel, the Trustee recovered proceeds from the sale of a Steinway piano, rental proceeds on a garage space and proceeds from the sale of the judgment debtor's condominium. Before the condominium could be sold, the Trustee was informed that major repairs were needed. Counsel was involved in communications with the real estate agent and attorneys for the condominium management company to obtain access to the premises in order for work to be performed. Much Shelist prepared pleadings and appeared in Court on a motion to compel access thereby allowing work to move forward. Counsel was involved in numerous telephonic and written communications with the real estate agent, mortgage company and real estate counsel regarding the status of the sale of the condominium, potential liens against the property and the employment of counsel to handle the closing of the condominium. Counsel reviewed numerous documents from the listing agreement, contract, mortgage payoff and closing

Case 06-13622 Doc 78 Filed 10/24/11 Entered 10/24/11 15:16:15 Desc Main
Document Page 5 of 6

documents. The Trustee received $36,098.81 in net proceeds from the sale of the judgment debtor's condominium.

Following the completion of the sale of the condominium, counsel prepared the Trustee's motion to abandon his interest in any remaining claims to the Medical Malpractice Action.

The individuals who provided services in connection with the Disposition of Assets and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 12.00 hrs. | $548.13/hr.* | $6,577.50 |
| Colleen E. McManus | 12.40 hrs. | $399.03/hr.* | 4,948.00 |
| Jeffrey L. Gansberg | .70 hrs. | 375.00/hr. | 262.50 |
| | | | |
| **TOTAL:** | **25.10 hrs.** | | **$11,788.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

D. <u>Tax Issues (Tab 4)</u>: A total of .40 hrs. of time was spent by Norman B. Newman preparing a letter to taxing authorities requesting a prompt determination of 2009 tax liability.

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | .40 hrs. | $590.00/hr. | $228.00 |
| | | | |
| **TOTAL:** | **.40 hrs.** | | **$228.00** |

E. <u>Fee Related Matters (Tab 5)</u>: Much Shelist expended 10.30 hours preparing special counsel's interim and final application for compensation and presenting the applications to this Court. Time was also spent reviewing the accountants final fee application. The attorneys who provided services in this category and the time they expended are:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 6.80 hrs. | $573.31/hr.* | $3,898.50 |
| Colleen E. McManus | 1.80 hrs. | $392.77/hr.* | 707.00 |
| Jeffrey L. Gansberg | 1.70 hrs. | $390.00/hr. | 663.00 |
| | | | |
| **TOTAL:** | **10.30 hrs.** | | **$5,268.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

5

11.     During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $207.60. Attached hereto as Exhibit "B" is an itemization of Much Shelist's out-of-pocket expenses. Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

12.     The services rendered by Much Shelist as the Trustee's attorney have resulted in a substantial benefit to the Trustee and to the creditors of this estate. By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter. In order to facilitate a distribution to general unsecured creditors, Much Shelist is willing to reduce its final compensation request to $20,000.00.

**WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

1.     Granting this Application and awarding Much Shelist final compensation in the amount of $20,000.00 plus reimbursement of out-of-pocket expenses in the amount of $207.60 for services rendered during the period January 19, 2007 through June 17, 2011;

2.     Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

3.     Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist Denenberg Ament & Rubenstein, P.C.**

By: /s/ Norman B. Newman
     One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist Denenberg Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000